**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ROBERT NEWTON,
                    Appellant,

              v.

DEPARTMENT OF THE NAVY,
                    Agency.

DOCKET NUMBER
DC-0752-15-0300-B-3

DATE:  November 24, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Chidinma M. Iwuji</u>, Esquire, Washington, D.C., for the appellant.

<u>David B. Gattis</u>, Washington, D.C., for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which found that law of the case doctrine limited his involuntary resignation claim to the allegation that the agency harassed him, found in the alternative that the doctrine of laches barred the appellant from raising new discrimination allegations relating to his involuntary resignation, and dismissed his involuntary

_____

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

resignation appeal for lack of jurisdiction. On petition for review, the appellant challenges the administrative judge's decision to limit his allegations to those relating to harassment, he states that the administrative judge should not have dismissed the appeal without a hearing, and he provides more than 200 pages on review to support his claims. Petition for Review (PFR) File, Tab 1. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

In the initial decision, the administrative judge found, among other things, that the appellant was barred by laches from raising new discrimination allegations to support his claim of an involuntary resignation. *Newton v. Department of the Navy*, MSPB Docket No. DC-0752-15-0300-B-3, Appeal File (B-3 AF), Tabs 3, 5-8, Tab 28, Initial Decision (B-3 ID) at 6-11. In pertinent part, the administrative judge found that the appellant unreasonably delayed raising these new discrimination allegations, failed to satisfactorily explain the

delay, and the agency would be prejudiced if the appellant was allowed to proceed with these new allegations. B-3 ID at 7-11.

We have considered the appellant's assertions on review regarding laches, but they do not warrant a different outcome. For example, the appellant does not cite any authority for his assertion that the agency's failure to properly investigate his harassment allegations "[led] to an underdeveloped factual record" and should bar the application of the doctrine of laches in this matter. PFR File, Tab 1 at 5, 13-16. We have considered the appellant's assertion that he raised these new discrimination allegations in a September 24, 2012 amended equal employment opportunity (EEO) complaint that he faxed and mailed to the agency. *Id.* at 13-14. Like the administrative judge, we accept the appellant's assertions in this regard as true, but we discern no error with the administrative judge's conclusion that the appellant did not proceed with these allegations in a way that avoids the application of laches. B-3 ID at 9 & n.7. Indeed, there is no evidence that the appellant communicated these new discrimination allegations to the agency at any time after September 24, 2012. The appellant also contends on review that he was unable to include the new discrimination allegations in his EEO affidavit because the investigator limited its content only to claims that the agency accepted. PFR File, Tab 1 at 15 n.5. Even if true, and as noted above, it is not clear why he did not raise these new discrimination allegations in any subsequent communications with the agency.

The administrative judge acknowledged that the agency knew about the "pantyhose on his desk" incidents, and he considered these allegations in his evaluation of laches and the appellant's burden to make nonfrivolous allegations that his resignation was involuntary. B-3 ID at 4 n.4 (citing B-3 AF, Tab 24 at 48); PFR File, Tab 1 at 11. For the purposes of our analysis, we have considered the pantyhose allegations. We have also considered that the appellant raised, and the agency accepted, other allegations of harassment or a hostile work environment in his EEO complaint. *Newton v. Department of the Navy*, MSPB

Docket No. DC-0752-15-0300-I-1, Initial Appeal File, Tab 4 at 30-32, B-3 AF, Tab 10 at 277-80. However, we agree with the administrative judge that the appellant is barred by laches from raising the new discrimination allegations, as set forth in B-3 AF, Tabs 3, 5-8, as part of his involuntary resignation claim.[2]

We have also considered the appellant's assertion that his claim of involuntary resignation based on harassment was not frivolous. PFR File, Tab 1 at 18-24. For the reasons set forth in the initial decision, we agree with the administrative judge that the appellant did not meet his burden to nonfrivolously allege that his resignation was involuntary based on such allegations. B-3 ID at 11-15; *see, e.g.*, *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013) (explaining that the appellant must prove that he lacked a meaningful choice in the matter, and it was the agency's wrongful actions that deprived him of that choice). Even if, for the purposes of our analysis, we also consider the pantyhose incidents, and the appellant's harassment or hostile work environment allegations that the agency accepted in March and April 2014, we still find that the appellant has not nonfrivolously alleged that his resignation was involuntary. Indeed, an employee is not guaranteed a stress-free working environment. *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2010). Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign. *Id.* For these reasons, we affirm the administrative judge's decision to dismiss the involuntary resignation appeal for lack of jurisdiction.

We have also considered the appellant's assertion that the administrative judge was required to hold a hearing. PFR File, Tab 1 at 25. However, consistent with the Board's Remand Order, the administrative judge was not required to hold a hearing when, as here, he determined that the appellant did not make a

---

[2] We need not decide whether the administrative judge properly applied the law of the case doctrine because we affirm his alternative laches analysis.

nonfrivolous allegation of Board jurisdiction. *See, e.g.*, *Newton v. Department of the Navy*, MSPB Docket No. DC-0752-15-0300-B-1, Remand Order, ¶ 10 (May 16, 2022).

Finally, the appellant includes the following documents with his petition: (1) a May 13, 2024 declaration from a U.S. Postal Service employee (about activities from 2012-2023); (2) the agency's June 11, 2013 request for reconsideration, and his July 11, 2013 response thereto; (3) August 2012 Medical Research Center, Research Misconduct, Policies and Procedures for Managing the Responsible Conduct of Human Subject Research; and (4) various news and law review articles. PFR File, Tab 1 at 30-286. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). The appellant has not made such a showing. Even if we credited the appellant's statement that he was unable to obtain a declaration from a U.S. Postal Service employee until after the record closed, PFR File, Tab 1 at 27, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed. *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989). Moreover, evidence submitted on review that was included in the record below is not new. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980). Alternatively, even if we considered this evidence, it is not material and does not warrant a different outcome. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.